IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AX Wireless, LLC<br><br>               Plaintiff,<br><br>   v.<br><br>ASUSTeK Computer Inc. (Taiwan) and ASUS Computer International, Inc.<br><br>               Defendants. | Civil Action No. 2:26-cv-86<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff AX Wireless, LLC ("AX Wireless" or "Plaintiff"), for its Complaint against Defendants ASUSTeK Computer Inc. (Taiwan) ("AsusTek") and ASUS Computer International, Inc. ("ACI") (referred to herein collectively as "ASUS" or "Defendants"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

2. This Complaint is based on the unlawful and unauthorized making, using, selling, importing and/or providing and causing to be used of devices, systems, and/or methods that infringe, either literally or under the doctrine of equivalents, directly or indirectly, at least one or more claims of U.S. Patent No. 10,079,707 ("the '707 patent"); U.S. Patent No. 10,917,272 ("the "'272 patent"); U.S. Patent No. 11,646,927 ("the'927 patent");  U.S. Patent No. 11,777,776 ("the'776 patent"); and U.S. Patent No. 12,063,134 ("the '134 patent"). A copy of each of the '707 patent, '272 patent, the '927 patent, the '776 patent, and the '134 patent (collectively

"Asserted Patents") are attached as Exhibits 1, 2, 3, 4 and 5 respectively. Defendants directly and/or indirectly infringe one or more claims of each of the Asserted Patents

3.  Defendants import into the United States, and offer for sale and sell in the United States, including on information and belief, within this judicial district, devices with wireless networking technology—including but not limited to laptops, wireless modems, routers, access points, switches, and components thereof (the "Accused Products")—that practice without license one or more claims of one or more of the Asserted Patents.

4.  ASUS has imported, sold for importation, and/or sold within the United States after importation, the ASUS ZenWiFi BD4 (the "ASUS Exemplary Accused Product").

## THE PARTIES

5.  Complainant AX Wireless, LLC is a Texas limited liability company having its headquarters at 2025 Guadalupe Street, Suite 260, Austin, TX 78705.

6.  Upon information and belief, ASUSTeK is a Taiwanese corporation its principal place of business and headquarters at 15 Li-De Road, Beitou District, Taipei, 112 Taiwan, Tel: +886 2 28943447.

7.  Upon information and belief, ACI is a California corporation with its principal place of business and headquarters at 48720 Kato Road, Fremont, CA 94538.

8.  Upon information and belief, ACI is a wholly-owned subsidiary of ASUSTeK. Each of ACI and ASUSTeK sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

12. Venue is proper as to ASUSTeK in this judicial district under 28 U.S.C. §1391(c)(3). On information and belief, ASUSTek is not resident in the United States and may be sued in any judicial district.

13. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because each Defendant has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long-Arm Statute, because each Defendant purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because each Defendant regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from each Defendant's business contacts and other activities in the State of Texas and this District.

## THE ASSERTED PATENTS

### 1. The '707 Patent

14. AX Wireless owns by assignment the entire right, title, and interest in the '707 patent, titled "Receiver Method and Apparatus for Variable Header Repetition in a Wireless OFDM Network," which issued on September 18, 2018. The '707 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 15/958,519, filed April 20, 2018. It expires on August 20, 2030.

15. The '707 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple transmission blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the inventors of the '707 patent claimed a communication apparatus that receives two types of data packets: a first type where header information is received in two blocks, and a second type where each of the two blocks is repeated such that the header information is received over four blocks. This repetition helps ensure the receiver can successfully decode the header in a noisy environment, even if portions of the header are lost in transmission.

### 2. The '272 Patent

16. AX Wireless owns by assignment the entire right, title, and interest in the '272 patent, titled "Non-transitory computer-readable information storage media for variable header repetition in a wireless OFDM network," which issued on February 9, 2021. The '272 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 16/780,589, filed February 3, 2020. It expires on August 20, 2030.

17. The '272 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple transmission blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the inventors of the '272 patent claimed a method performed by one or more processors in a transmission apparatus to transmit two types of packets: a first type where header information is sent in two blocks, and a second type where each of the two blocks is repeated

such that the header information is sent over four blocks.  This repetition helps ensure the receiver can successfully decode the header in a noisy environment even if portions of the header are lost in transmission. The inventors of the '272 patent also claimed a method performed by one or more processors in a transmission apparatus to receive and decode the two types of packets.

### 3.  The '927 Patent

18.     AX Wireless owns by assignment the entire right, title, and interest in the '927 patent, titled "Header repetition in packet-based OFDM systems," which issued on May 9, 2023. The '927 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 17/540,189, filed December 1, 2021.  It expires on August 20, 2030.

19.     The '927 patent describes a communication system that can transmit and receive data more reliably over wireless networks using Orthogonal Frequency Division Multiplexing (OFDM), compared to the then-existing networks, by repeating certain information within the header of a frame across multiple blocks (or "OFDM symbols"). The header contains information needed to receive and understand the rest of the frame reliably. Specifically, the inventors of the '927 patent claimed a communication apparatus that transmits two types of data packets: a first type where header information is transmitted in two blocks, and a second type where each of the two blocks is repeated such that the header information is transmitted over four blocks.  This repetition helps ensure a receiver can successfully decode the header in a noisy environment even if portions of the header are lost in transmission.

### 4.  The '776 Patent

20.     AX Wireless owns by assignment the entire right, title, and interest in the '776 patent, titled "Header repetition in packet-based OFDM systems," which issued on October 3, 2023.  The '776 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United

States Patent Application No. 17/939,904, filed September 7, 2022.  It expires on August 20, 2030.

21. The '776 patent describes a wireless communication system that enables different generations of devices to coexist and communicate within the same network using Orthogonal Frequency Division Multiplexing (OFDM). The system supports two packet formats: a basic format where header information is sent once in a single transmission block (or "OFDM symbol"), and an extended format where the same header information is repeated in a second consecutive transmission block. Specifically, the inventors of the '776 patent claimed an improved receiver apparatus that can automatically determine which format was used for a given packet by examining whether the header repeats.  When the receiver detects that a second transmission block contains a repetition of the header, it recognizes the packet as the extended format.  When no such repetition is detected, it identifies the packet as the basic format.  This automatic detection mechanism allows older devices designed to handle only the basic format and newer devices capable of processing both formats to operate seamlessly on the same network and improves backwards compatibility.

### 5.  The '134 Patent

22. AX Wireless owns by assignment the entire right, title, and interest in the '134 patent, titled "Header repetition in packet-based OFDM systems," which issued on August 13, 2024.  The '134 patent issued to inventors Joon Bae Kim and Marcos C. Tzannes, from United States Patent Application No. 18/234,879, filed August 17, 2023.  It expires on August 20, 2030.

23. The '134 patent describes a wireless communication system that enables different generations of devices to coexist and communicate within the same network using Orthogonal Frequency Division Multiplexing (OFDM). The system supports two packet formats: a basic format where header information is sent once in a single transmission block (or "OFDM

symbol"), and an extended format where the same header information is repeated in a second consecutive transmission block. Specifically, the inventors of the '134 patent claimed an improved transmitter apparatus that can transmit packets of both formats. This would enable a receiver to distinguish between the formats by detecting whether a second transmission block contains a repetition of the header and improves backwards compatibility. Moreover, the repetition indicating a packet of the second format is applied only to the header, and not to the contents (or "payload") of the data packet.

## COUNT I – INFRINGEMENT OF THE '707 PATENT

24. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

25. ASUS directly infringes the '707 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the ASUS ZenWiFi BD4, without license or authority.

26. The ASUS Exemplary Accused Product directly infringes, literally and/or under the doctrine of equivalents, at least claim 1 of the '707 patent.

27. As shown in the attached claim charts at Exhibit 6, the ASUS Exemplary Accused Product and the components thereof satisfy all limitations of at least claim 1 of the '707 patent.

28. ASUS's direct infringement of the '707 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into and using, selling, and offering to sell products that practice the '707 product in the United States.

29. The claims of the '707 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of

the '707 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

### COUNT II – INFRINGEMENT OF THE '272 PATENT

30. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

31. ASUS directly infringes the '272 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the ASUS Exemplary Accused Product, without license or authority.

32. The ASUS Exemplary Accused Product directly infringes, literally and/or under the doctrine of equivalents, at least claims 1 and 11 of the '272 patent.

33. As shown in the attached claim charts at Exhibit 7, the ASUS Exemplary Accused Product and the components thereof satisfy all limitations of at least claims 1 and 11 of the '272 patent.

34. ASUS's direct infringement of the '272 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '272 product in the United States.

35. The claims of the '272 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '272 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic

combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT III – INFRINGEMENT OF THE '927 PATENT

36. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

37. ASUS directly infringes the '927 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the ASUS Exemplary Accused Product, without license or authority.

38. The ASUS Exemplary Accused Product directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–2 of the '927 patent.

39. As shown in the attached claim charts at Exhibit 8, the ASUS Exemplary Accused Product and the components thereof satisfy all limitations of at least claims 1–2 of the '927 patent.

40. ASUS's direct infringement of the '927 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '927 patent in the United States.

41. The claims of the '927 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '927 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT IV – INFRINGEMENT OF THE '776 PATENT

42. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

43. ASUS directly infringes the '776 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the ASUS Exemplary Accused Product, without license or authority.

44. The ASUS Exemplary Accused Product directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–6 of the '776 patent.

45. As shown in the attached claim charts at Exhibit 9, the ASUS Exemplary Accused Product and the components thereof satisfy all limitations of at least claims 1–6 of the '776 patent.

46. ASUS's direct infringement of the '776 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '776 patent in the United States.

47. The claims of the '776 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself.  The written description of the '776 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

## COUNT V – INFRINGEMENT OF THE '134 PATENT

48. Plaintiff incorporates by reference and re-alleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

49. ASUS directly infringes the '134 patent under 35 U.S.C. § 271(a) by using, offering to sell, importing, and selling Accused Products within the United States, including but not limited to the ASUS Exemplary Accused Product, without license or authority.

50. The ASUS Exemplary Accused Product directly infringes, literally and/or under the doctrine of equivalents, at least claims 1–7 of the '134 patent.

51. As shown in the attached claim charts at Exhibit 10, the ASUS Exemplary Accused Product and the components thereof satisfy all limitations of at least claims 1–7 of the '134 patent.

52. ASUS's direct infringement of the '134 patent has damaged Plaintiff by violating Plaintiff's right to exclude others from importing into, and using, selling, and offering to sell products that practice the '134 patent in the United States.

53. The claims of the '134 patent were issued by the United States Patent and Trademark Office and are presumed by statute to be valid. They are not directed to abstract ideas and moreover contain inventive concepts sufficient to ensure that the patent amounts to significantly more than a patent on a patent ineligible concept itself. The written description of the '134 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patentably distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

**PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

(a) Finding that Defendants have each infringed each of the Asserted Patents;

(b) Issuing a permanent injunction that prohibits each Defendant, and its respective affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and all those acting on behalf of or in active concert or participation with any of them, from infringing each of the Asserted Patents;

(c) Requiring that each Defendant pays Plaintiff damages sufficient to compensate Plaintiff for its respective infringements of each Asserted Patent and in an amount not less than a reasonable royalty;

(d) Awarding Plaintiff prejudgment interest, post-judgment interest, and costs; and

(e) Such other and further relief as the Court may deem appropriate

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all issues raised by this Complaint that are properly triable by a jury.

Dated: February 2, 2025

*/s/ Clifford Chad Henson*
C. Chad Henson (TX Bar No. 24087711)
DEVLIN LAW FIRM LLC
1411 North Trail Drive
Carrollton, TX 75006
Telephone: (302) 449–9010
Facsimile: (302) 353–4251
chenson@devlinlawfirm.com

*Attorney for Plaintiff AX Wireless, LLC*